PEOPLE, PLAINTIFF AND APPELLEE, *v.* CABASSA,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Violation of Section 37 of the Excise–Tax Law.

No. 1723.—Decided November 29, 1921.

EXCISE TAX—PLEADING.—In a prosecution for a violation of section 37 of the
Excise-Tax Law of 1919, the offense being that the defendant is in possession
of articles brought into Porto Rico without having paid the tax determined
by law, it is necessary to allege in the complaint that the articles were brought
into Porto Rico from the United States, and in the absence of such an allega-
tion the complaint does not state sufficient facts.

The facts are stated in the opinion.
*Mr. José Tous Soto* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Jacobo L. Cabassa was charged in the Municipal Court
of Ponce with a violation of section 37 of the Excise–Tax
Law of Porto Rico, consisting in that " *   *   *   he had in
his possession six automobile tubes and six rubber tires worth
$357.58 which he received by the steamship *Ponce,* trip No.
255, under bill of lading No. 156, without having paid on
them the internal revenue tax imposed by the Excise–Tax
Law of Porto Rico, notwithstanding the fact that the mer-
chandise was taxable under the provisions of the said
law   *   *   *."

The District Court of Ponce heard this case *de novo* on
appeal and entered a judgment of conviction from which the
defendant has taken the present appeal to this court. The
appellant neither appeared to argue the case nor filed a
brief.

No evidence was examined in the district court because
it appears from the transcript of the record brought up that
"The parties submitted the case to the court on a stipula-
tion wherein the defendant admitted the allegations of the
complaint and the district attorney admitted that the tax on

the six tubes and the six automobile tires referred to in the complaint and amounting to $17.88 was paid to the Treasurer of Porto Rico by defendant Jacobo L. Cabassa on April 3, 1920, the said articles having been received by him on March 29, 1920, submitting to the court the question of law raised by the defendant that the collection of the tax in° question is unlawful and contrary to the Constitution because the tax is actually a tax on an importation of merchandise into Porto Rico from the United States."

Section 37 of the Excise–Tax Law, Act No. 55 of 1919, to which the complaint refers, provides in substance that every person who possesses or has on his business premises or on any premises contiguous thereto or connected therewith, or has on any premises under his control, any merchandise subject to tax under the provisions of the Act, on which such tax has not been paid, except such as are duly entered in a licensed manufacturer's official stock book, shall be guilty of misdemeanor. It is, therefore, one of the requisites for punishing a person in accordance with this section of the law that the tax on the merchandise subject thereto has not been paid.

According to subdivision 18 of section 18 of the said law, automobile tubes and tires produced, manufactured, introduced or brought into Porto Rico, among other articles, are subject to a tax of five per cent *ad valorem*. Section 27 provides that the tax shall attach to such taxable merchandise as may be manufactured or produced in Porto Rico as soon as the same shall have been manufactured or produced, except as otherwise provided in the law, and that any person who sells, removes or otherwise disposes thereof without having paid the tax thereon shall be guilty of misdemeanor. On the other hand, section 31 provides that the tax prescribed on articles introduced or brought into Porto Rico from the United States shall be paid before such articles leave the

custody of the owner or agent of the vessel in which such articles are brought, etc.

Considering the wording of these sections of the law and that of the complaint, we understand that the appellant was not prosecuted and convicted because the said tubes and tires were manufactured in this Island and he had them in his possession and had removed them from the factory without first paying the tax thereon prescribed by law, but that the complaint intended to charge him with having introduced or brought them into Porto Rico and with having them in his possession without having paid the tax of five per cent *ad valorem* fixed by the law.

The complaint being considered in this light, we are of the opinion that it does not allege facts sufficient to constitute the offense charged, because it does not allege that the said tubes and tires had been introduced or brought into Porto Rico, for the statement made in the complaint that the defendant received the tubes and tires by the steamship *Ponce* is not sufficient to charge that he introduced or brought them into Porto Rico from the United States, inasmuch as he might have received them by that steamship from any port of the Island without bringing the merchandise from the United States. It is true that the complaint states that the said merchandise is taxable under the Excise-Tax Law, but that statement is a conclusion of law unsupported by the allegations of the complaint which fails to allege that the merchandise was introduced or brought into Porto Rico.

It is also true that the defendant has not attacked the sufficiency of the complaint and that, admitting the facts therein alleged, he submitted to the court the question of law of the illegality of the collection of the tax, but notwithstanding this we can not consider this question because, the complaint failing to allege that the merchandise had been imported or brought into Porto Rico from the United States, we have no facts on which to base a discussion of the ques-

tion and it would be academical now to decide whether or not the tax imposed upon the said merchandise when imported or brought into Porto Rico is lawful. Cabassa only admitted the allegations of the complaint. The judgment of conviction can not be sustained because the facts charged and admitted by Cabassa do not constitute an offense.

In the cases of *People* v. *García* and *People* v. *Andreu,* 23 P. R. R. 678 and 698, respectively, we reversed the judgments of conviction notwithstanding the fact that the defendants had pleaded guilty, and in the case of *People* v. *Guilarte et al.,* 11 P. R. R. 334, although the defendant did not appear in this court to prosecute his appeal, yet the judgment was reversed and the defendant discharged because the complaint contained the material or fundamental defect of not alleging facts sufficient to constitute an offense.

The judgment appealed from must be reversed and defendant Cabassa discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.